Margarito GALVAN, Appellant,

v.

The STATE of Texas, Appellee.
No. 41999.

Court of Criminal Appeals of Texas.
April 9, 1969.

Rehearing Denied June 4, 1969.

Charles A. Tucker, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ray Montgomery, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the possession of marihuana; the punishment, ten years.

From the second floor window of a fire station, fireman Mansell, about 9 p. m., saw a taxi cab stop beneath the window of the station, and from a distance of about thirty-five feet, he saw the appellant who was the only passenger in the cab get out, and "When his (appellant's) foot hit the ground, a small package hit the ground, too," about one foot from his foot by the cab door, and then the appellant walked about twelve steps and entered a lounge. Mansell asked another person (Gibbs) to watch the package while he went and picked it up, and then he returned into the station where he opened the package in front of witnesses, and when he saw that the package, which was about three by two and one-half inches in size, contained some kind of "grass" he notified the police. In a short time the appellant left the lounge, walked across the street to a taxi cab stand, entered a telephone booth, and then returned to the place where "the small package hit the ground." Next, the appellant crossed the street, and walked down the sidewalk, passing the taxi stand. Officer Bell soon came, and Mansell gave him the package and after he had looked at it Mansell pointed appellant out to Bell and he (Bell) left going toward the appellant.

Officer Bell testified that in response to a telephone call he went to a fire station where he saw fireman Mansell, who delivered to him a small brown paper bag containing a quantity of marijuana; that he first saw the appellant standing by a

taxi stand, observed him walking back and forth as if looking for something, and then he walked about one hundred feet and entered a lounge; that when he and officer Collins entered the lounge they saw the appellant drinking beer; that they identified themselves and asked him to step outside of the lounge. Bell further testified that the appellant smelled of alcohol, was unsteady on his feet, and he arrested him for being drunk; that after appellant's arrest he searched him and found one marihuana cigarette in the watch pocket of his trousers, and then also told him that he had information that he had committed a felony.

Chemist McDonald testified, without objection, that an examination of the substance in the cigarette and in the brown paper bag revealed that they contained marihuana.

The appellant did not testify, but recalled the witnesses Bell and Mansell who had testified for the state. Their testimony was substantially the same as that previously given by them.

■ The sole ground urged as error is that State's Exhibit No. 1, the brown paper bag containing marihuana, could not possibly, under the testimony of the witness Mansell have been in the actual care, control and management, that is, the possession of the appellant.

Neither the court's charge nor any ruling of the court confines the jury's consideration to only the issue of appellant's possession of State's Exhibit No. 1, the brown paper bag, and did not exclude the jury's consideration of the marihuana cigarette.

In defining possession, the court charged the jury as follows:

"You are further instructed that by the term 'possession', as used in this charge, is meant the actual personal control, care and management of the marijuana alleged to have been possessed."

■ From all the facts and circumstances in evidence, it is concluded that the evidence was sufficient to authorize the jury to find that the appellant possessed marihuana as alleged.

The judgment is affirmed.